## Stamps v. Newton.

The court is bound to inquire in every case, whether the facts presented by the record give jurisdiction.

A writ of error cannot be sustained after forthcoming bond taken and forfeited.

ERROR to the circuit court of Hinds county.

Collins, Attorney General, for plaintiff in error.

Mr. Justice PRAY delivered the opinion of the court.

This was an action of trespass on the case in the court below, in which a judgment was rendered for the defendant in error.

Upon this judgment a *fieri facias* was issued, and levied, and a forthcoming bond taken, and returned, forfeited to the April term of the court below, in the year 1837.

The fiat for the writ of error was subsequently granted, on the 30th of April, of the same year.

Although the attention of this court has not been directed to this present defect by the counsel in the cause, yet we are bound to inquire in every case, whether the facts presented by the record give this tribunal a jurisdiction.

The statue of 1837, p. 334, sect. 4, declares " that no writ of error shall be granted in a case, where a forthcoming bond shall have been given and forfeited."

In the present case, the statute has been violated. It has been brought up by writ of error, after the taking and forfeiture of a forthcoming bond. This court, consequently, has no jurisdiction and the cause must, therefore, be stricken from the docket.